UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE BENNETT<br><br>          Plaintiff, *pro se*<br>v.<br><br>VECTOR GROUP LTD. and JAPAN TOBACCO INC.,<br><br>          Defendants. | CIVIL CASE NO.<br><br>NOTICE OF REMOVAL (DIVERSITY)<br><br>**[Removed from the Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2514913]** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Specially Appearing Defendant Vector Group Ltd. ("Vector") hereby gives notice that the above-captioned action pending in the Superior Court of the State of California, County of San Bernardino, is hereby removed to the United States District Court for the Central District of California. In support of removal, Vector respectfully states the following:

## GROUNDS FOR REMOVAL

1.  On or about May 15, 2025, Plaintiff Denise Bennett, ("Plaintiff") filed a *pro se* Complaint entitled *Bennett v. Vector Group Ltd. and Japan Tobacco Inc.,* Case No. CIVSB2514913, in the Superior Court of the State of California, County of San Bernardino.

2.  On or about July 9, 2025, Vector received a letter from Plaintiff via regular, not certified mail. *See* Exhibit 1. Included with the letter was a copy of a Notice of Trial Setting Conference and Notice of Case Assignment as well as a copy of the Complaint. *See id*.

3.  This is a tobacco product liability case in which Plaintiff, a resident of California, alleges that she sustained significant personal injuries as a result of secondhand smoke from the True brand cigarettes that her parents smoked throughout her life.

4. Vector Group Ltd. is incorporated in the State of Delaware, with its principal place of business in Florida.

5. On information and belief, Japan Tobacco Inc. is a Japanese corporation with its principal place of business in Tokyo, Japan.

6. While Specially Appearing Defendant Vector's counsel ("HHR") is not counsel for Japan Tobacco Inc., based on information and belief and Plaintiff's own filings, it appears that Japan Tobacco Inc. has not been properly served with the Complaint.[1] Therefore, consent to file this Notice of Removal is not required from Japan Tobacco Inc. *See* 28 U.S.C. § 1446(b)(2)(A).

7. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Vector has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

I.   **VECTOR HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

8. Plaintiff filed her Complaint in the Superior Court of the State of California, County of San Bernadino on or about May 15, 2025. Specially Appearing Defendant Vector received notice of the Complaint on or about July 9, 2025, when it received Plaintiff's letter and attachments. Vector is entering a Special Appearance in this matter because it has not been properly served. Vector reserves all of its rights relating to service, jurisdiction, and other potential defenses, and does not waive service. Because this Notice of Removal is being filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the

---

[1] HHR has identified that on July 17, 2025, Plaintiff filed a Proof of Substituted Service of Summons and Complaint stating that Japan Tobacco Inc. was served via mail service at 302 Carnegie Ctr Ste 300, Princeton, NJ 08540. *See* Exhibit 2. Based solely on information and belief, Japan Tobacco Inc. is a foreign corporation located in Tokyo, Japan and is not located at the served address. Again, based on information and belief, a company by the name of Akros Pharma Inc. is located at that address. *See* https://www.akrospharma.com (last visited Aug. 8, 2025).

initial pleading setting forth the claim for relief upon which such action or proceeding is based, the removal is timely under 28 U.S.C. § 1446(b).

9. No further proceedings have been had in this action.

10. No previous application has been made for the relief requested herein.

11. Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 84(c).

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto at Exhibit 3.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court for San Bernardino, California.

14. As of the date of filing of this Notice of Removal, no defendant has been properly served by Plaintiff in this matter.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

### A.   **There is complete diversity between the parties.**

16. Plaintiff is now, and was, at the time of the filing of the Complaint, a resident of California. *See* Exhibit 3, Doc. No. BL-10, Plaintiffs' Complaint ("Compl.") at ¶ 2. Accordingly, Vector avers that Plaintiff is now and was at the time of the filing of this action, a

3

resident, and therefore a domiciliary and citizen, of California. *See Lee v. BMW of N. Am., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (holding that person's residence is prima facie evidence of domicile and citizenship).

17.   Vector is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Florida and, therefore, is now, and was at the time Plaintiff commenced this action, a citizen of the States of Delaware and Florida for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

18.   On information and belief, Japan Tobacco Inc. is now, and was at the time Plaintiff commenced this action, a foreign corporation organized under the laws of Japan with its principal place of business in Tokyo, Japan and, therefore, is now, and was at the time Plaintiff commenced this action, a citizen of Japan for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

19.   Hence, there is complete diversity between the plaintiff and defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

20.   In addition, no defendant is a citizen of the state in which this action was brought.

**B.   The amount in controversy requirement is satisfied.**

21.   Where a state permits recovery above the amount demanded, removal of an action is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B). It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs.

22.   Plaintiff alleges as a result of her parents' smoking True brand cigarettes, she was exposed to secondhand smoke "on a daily basis in enclosed spaces, without warning or protection." (Compl. ¶ 9). Plaintiff further alleges that she has never smoked or used recreational

drugs. (*Id.* ¶ 10). "Despite leading a healthy lifestyle, she was diagnosed with Pulmonary Arterial Hypertension (PAH) in 2019 and Chronic Obstructive Pulmonary Disease (COPD) in 2024." (*Id.*). Plaintiff further alleges that she "began experiencing fatigue and shortness of breath in 2015, leading to diagnostic testing and the discovery of permanent lung damage consistent with chronic toxic exposure." (*Id.* ¶ 11). Plaintiff further alleges that she has sustained "permanent injuries, loss of income, loss of earning capacity, emotional distress, and significant medical expenses" (*Id.* ¶ 30) and seeks both compensatory and punitive damages (*Id.* ¶ 32).

23. Plaintiff alleges in her complaint that the amount in controversy exceeds $25,000. (*Id.* ¶ 6).

24. It is apparent from these allegations that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. *See, e.g., Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries...courts have found it facially apparent from the complaint that the amount in controversy was satisfied.").

25. Federal courts may consider evidence outside of the pleadings, including damages claimed in cases involving similar injuries, when the pleadings themselves fail to specify the amount in controversy. Courts "may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotation marks omitted). "[A] defendant can show the amount in controversy by introducing evidence of jury verdicts in case with

analogous facts." *Soto v. Kroger Co.*, No. SACV 12-0780-DOC (RNBx), 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013) (citation omitted).

26. Numerous reported cases reveal that potential awards based on conditions similar to those alleged by Plaintiff exceed the $75,000 jurisdictional amount. Cases in which plaintiffs have alleged smoking and health related injuries have generated jury awards or court determinations well beyond the $75,000 jurisdictional amount. *See e.g., Boeken v. Philip Morris USA, Inc.,* 48 Cal. 4th 788, 792, 230 P.3d 342, 344 (2010) (Lung cancer case where jury originally awarded smoker $5,539,127 in compensatory damages and $3 billion in punitive damages.); *Major v. R.J. Reynolds Tobacco Co.*, 14 Cal.App.5th 1179, 1182, 222 Cal.Rptr.3d 563, 568 (2017) (Lung cancer case where judgment was entered against tobacco company for an amount in excess of $3.75 million, plus costs and interest.); *Washington v. Denney*, 900 F.3d 549, 555 (8th Cir. 2018) (Jury originally awarded prisoner plaintiff $40,000 in compensatory damages and imposed a total of $71,000 in punitive damages based on secondhand smoke exposure.); *see also* Arlin Crisco, *Jury Awards $6M in Trial Against RJR Over Florida Woman's COPD Death*, CVN (Feb. 1, 2023), https://blog.cvn.com/jury-awards-6m-in-trial-against-rjr-over-florida-womans-copd-death; Arlin Crisco, *Jury Hands Down $750K Verdict But Finds Smoker 70% Responsible for COPD at Trial Against RJR & PM*, CVN (Dec. 18, 2018), https://blog.cvn.com/jury-hands-down-750k-verdict-but-finds-smoker-70-responsible-for-copd-at-trial-against-rjr-pm.

27. Plaintiff's claims of severe and permanent personal injuries, and the damages that she seeks, thus exceed this Court's minimum $75,000 jurisdictional limit.

WHEREFORE, Specially Appearing Defendant Vector respectfully removes this action from the Superior Court for San Bernardino, California to this Court pursuant to 28 U.S.C. § 1441.

Dated:        Los Angeles, California
              August 8, 2025

                              Respectfully submitted,

                              HUGHES HUBBARD & REED LLP

                              By:   /s/ *Yi-Chin Ho*

                              Yi-Chin Ho, SBN 204834
                              1999 Avenue of the Stars, 9th Floor
                              Los Angeles, California 90067-4620
                              Yichin.ho@hugheshubbard.com

                              *Attorneys for Specially Appearing Defendant Vector Group Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2025, I caused copies of the foregoing NOTICE OF REMOVAL and attachments, to be served via Federal Express on the following:

Denise Bennett (pro se)
13124 Woodland Ct.
Hesperia CA 92344

The above address has appeared on prior papers in the state court action as address of the *pro se* Plaintiff.

I am over the age of 18 years and not a party to this action.

I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2025                     /s/ *Yi-Chin Ho*